2025 IL App (1st) 240058-U

Fourth Division
Filed June 26, 2025

No. 1-24-0058

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| ILLINOIS INSURANCE GUARANTY FUND, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | Appeal from the |
| v. | ) | Circuit Court of Cook County |
| | ) | |
| PRIORITY TRANSPORTATION, INC., f/k/a Transit | ) | No. 2009 CH 16558 |
| Group, Inc., TRANSIT GROUP TRANSPORTATION, | ) | |
| LLC, a/k/a 1999 TGT Merger Sub, Inc., TIM WITTE, | ) | The Honorable David B. Atkins, |
| and ACE INSURANCE COMPANY, | ) | Judge, presiding. |
| Defendants | ) | |
| (Ace Insurance Company, Defendant-Appellee). | ) | |

JUSTICE OCASIO delivered the judgment of the court.
Justices Hoffman and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's denial of plaintiff's request for attorney fees incurred in connection with this coverage dispute was affirmed where neither section 546(a) of the Insurance Code (730 ILCS 5/546(a) (West 2022)) nor the terms of the insurance policy authorized plaintiff to recover attorney fees.

¶ 2    This matter arises as a result of a workers' compensation claim filed by Tim Witte after he sustained work-related injuries on January 17, 2000, during his employment with Transit Group, Inc. Plaintiff, the Illinois Insurance Guaranty Fund (the Fund), instituted the underlying action seeking a declaration that Witte's claim fell within the scope of a workers' compensation insurance policy issued by defendant Ace Insurance Company (Ace). The circuit court previously found that

the claim was covered by the Ace policy, and we affirmed that decision on appeal. See *Illinois Insurance Guaranty Fund v. Priority Transportation, Inc.*, 2019 IL App (1st) 181454. The Fund now appeals from the circuit court's order denying its request for its recovery to include the attorney fees the Fund paid to litigate this coverage action. We affirm.

¶ 3                                            I. BACKGROUND

¶ 4        Witte was employed as a truck driver by Fox Midwest Transport, Inc. (Fox Midwest), which had a workers' compensation insurance policy issued by Fremont Casualty Insurance Company (Fremont) that was effective until March 1, 2000. At the end of 1999, Fox merged into a subsidiary of Transit Group, a trucking business that had its own workers' compensation insurance policy issued by a subsidiary of Ace (the Ace policy), which came into effect on January 1, 2000. On January 17, 2000, Witte sustained injuries on the job and later filed a workers' compensation claim. Fremont began paying him benefits until July 2, 2003, when it was involuntarily liquidated by the State of Illinois. Thereafter, the Fund paid the remaining benefits on Witte's claim.

¶ 5        Subsequently, the Fund filed the present complaint for declaratory judgment to determine whether Witte's workers' compensation claim was covered under the Ace policy. After we affirmed the circuit court's determination that the Ace policy covered Witte's claim, Ace reimbursed the Fund a total of $412.248.95, representing the actual workers' compensation benefits the Fund paid to Witte in connection with his workers' compensation claim. The Fund, however, also sought to recover its attorney fees, both for defending Witte's claim and for litigating this coverage dispute.

¶ 6        The circuit court found that only the former costs were appropriate. The Fund is "entitled under relevant insurance policy and the Illinois Guaranty Fund Act [*sic*] [citation] to any amount expended in defense of Witte's workers' compensation claim, which includes both the actual award and applicable defense costs," according to the circuit court's ruling. But the circuit court made a distinction between present and future recovery and noted that the Fund is entitled to recover the amount pertinent to the underlying claim that it should not have had to pay, not the subsequent action for a declaration affirming that it should not have had to pay. If the legislature had intended

for claimants to recover fees to that amount, the circuit court observed, it could have provided for that by statute. The circuit court found that the fund was entitled to $7,054.50, reflecting the fees and costs incurred in defense of Witte's workers' compensation case, and it denied recovery of fees and costs in the instant coverage case.

¶ 7       The Fund appeals the circuit court's ruling denying the fund additional costs and attorney fees incurred for filing and litigating a declaratory judgment action required to determine whether Witte's workers' compensation case was covered under Ace's insurance policy.

¶ 8                                II. ANALYSIS

¶ 9       The Fund contends that the circuit court erred in denying it additional costs and attorney fees incurred for filing and litigating a declaratory judgment action. The Fund further argues that in order to obtain any financial recovery in Witte's claim, it was compelled to bring that action to ascertain whether Witte's claim was covered by the Ace Insurance policy. In other words, the Fund needed to file this declaratory action in order to recover in any way. Based on its interpretation of article XXXIV of the Illinois Insurance Code (215 ILCS 5/532 to 553 (West 2022)), the circuit court determined that the statute lacked any language indicating that it intended to grant the Fund the opportunity to recover for the costs and fees of a separate action to determine coverage.

¶ 10      When it comes to the award of attorney fees, Illinois has always adhered to the "American rule." Regardless of the outcome, each party to a lawsuit is typically responsible for paying its own legal fees under that rule. *State ex rel. Schad, Diamond & Shedden, P.C. v. My Pillow, Inc.*, 2018 IL 122487, ¶ 17. Without express authorization by a statute or an agreement between the parties, the prevailing party is not allowed to recover their legal fees from the losing party. *Id*.

¶ 11      On appeal, the Fund advances two arguments why it is entitled to attorney fees in the coverage action. First, it contends that it is entitled to fees under the terms of the Ace policy. Second, it contends that it is entitled to fees under section 546(a) of the Insurance Code (215 ILCS 5/546(a) (West 2022)). We construe the terms of the policy *de novo*. *Pekin Insurance Co. v. Wilson*, 237 Ill.

2d 446, 455 (2010). Likewise, we interpret the relevant statute *de novo*. *Maschek v. City of Chicago*, 2015 IL App (1st) 150520, ¶ 42.

¶ 12    We begin with the statute. When interpreting a statute, our main objective is to "ascertain and give effect to the intent of the legislature." *Gaffney v. Board of Trustees of Orland Fire Protection District*, 2012 IL 110012, ¶ 56. The best indication of that intent is the language of the statute itself, which must be given its plain and ordinary meaning. *Brunton v. Kruger*, 2015 IL 117663, ¶ 24. "We will not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent of the legislature." *Gaffney*, 2012 IL 110012, ¶ 56. This principle weighs heavily in this case because fee-shifting statutes "are in derogation of the common law," so they "must be strictly construed," and the right to fees cannot be read into a statute "by intendment or implication." *Schad, Diamond & Shedden*, 2018 IL 122487, ¶ 18.

¶ 13    To place section 546(a) into appropriate context, we provide a brief overview of the overall statutory scheme. The Fund is "a nonprofit unincorporated legal entity" created by the Insurance Code. See 215 ILCS 5/535 (West 2022). The Fund was designed to serve as a safety net, "to protect policyholders of insolvent insurers and third parties who make claims under policies issued by insurers that become insolvent." *Roth v. Illinois Insurance Guaranty Fund*, 366 Ill. App. 3d 787, 798 (1st Dist. 2006). The Fund was established to assume the obligations of insolvent insurance companies, shield the public from the losses incurred by insolvent insurance companies, and restore claimants against an insolvent liability insurer to the same position they would have been in had the liability insurer not become insolvent. *Community Unit School District 200 v. Illinois Insurance Guaranty Fund*, 358 Ill. App. 3d 1056, 1058 (2d Dist. 2005). The claimant must first seek to cover his loss with funds available from other insurers before attempting to recover from the Illinois Insurance Guaranty Fund, which is a recovery of last resort. *Knouse v. Mohamednur*, 2017 IL App (1st) 161856, ¶ 15. The Fund serves as a substitute in the event that anticipated insurance coverage ceases to exist; it is neither collateral nor an independent source of recovery. *Lucas v. Illinois Insurance Guaranty Fund*, 52 Ill. App. 3d 237, 240 (1st Dist. 1977).

¶ 14    Because the Fund is only meant to step in when there would be no other insurance coverage, section 546(a) of the Insurance Code gives it an independent right of action to recover from solvent insurers who should have covered a claim paid by the Fund:

> "If the Fund pays a covered claim without the exhaustion of all other coverage that could have been exhausted under this Section, the Fund shall have an independent right of recovery against each insurer whose coverage was not exhausted in the amount the Fund would not have had to pay if that insurer's coverage had been exhausted first." 215 ILCS 5/546(a) (West 2022).

The Fund argues that its independent right of recovery allows it to recover what it "would not have had to pay if" Ace's coverage had been exhausted before the Fund stepped in, and it reasons that one such amount it would not have paid was its fees to litigate the coverage dispute. We disagree. First, read in context, "the amount the Fund would not have had to pay" is the amount that the Fund expended to pay the "covered claim," not any amount it expended for any other reason as a consequence of the insured's failure to exhaust other coverage. Second, the statute does not contain an express fee-shifting provision. The Fund's argument would require us to read one into the statute by implication, which is contrary to our obligation to strictly construe statutes that might provide for fee-shifting. *Schad, Diamond & Shedden*, 2018 IL 122487, ¶ 18. Noting that it exists to benefit the public, not insurance companies, the Fund argues that it should not be required to use its funds to pay the costs of litigating the coverage dispute with Ace. As a matter of policy, this argument has some force, but it does not change the fact that section 546(a) does not express an intent to include attorney fees incurred in litigation to determine the extent of the Fund's independent right of recovery.

¶ 15    As for the Ace policy, the Fund argues that Ace is required to pay all defense costs in connection with the defense of Witte's workers' compensation claim. The Fund notes that the policy states that Ace has "the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance." The Fund contends that this language

indicates Ace would provide Transit Group with a defense in workers' compensation claims falling under the policy, and since it has already been determined that Witte's claim falls within the Ace policy, that Ace must pay all defense costs related to that claim. We agree that this provision ultimately required Ace to compensate the Fund for the attorney fees that it incurred when it assumed defense of the Witte claim following Fremont's demise—the fees that should have been paid by Ace under the policy in the first place. But this provision only contemplates that Ace would pay the costs of litigation between a workers' compensation claimant and the insured employer. It does not speak at all to litigation between the insured and the insurer. It certainly does not provide for fee-shifting in a coverage dispute.

¶ 16    Because neither section 546(a) nor the Ace policy provide for the Fund to recover attorney fees it incurred in this action for a declaration of coverage, we agree with the circuit court that the only fees the Fund could recover were those that it paid to defend Transit Group from Witte's workers' compensation claim. The circuit court did not err when it held that the Fund is entitled to recover the amount pertinent to the underlying claim that it should not have had to pay but not the attorney fees incurred in this declaratory action to determine coverage.

¶ 17                                III.  CONCLUSION

¶ 18    We affirm the decision of the circuit court and find that the Fund is not entitled to additional costs and attorney fees.

¶ 19    Affirmed.